**OIL SHARES, Inc., v. KAHN et al.**

No. 5276.

Circuit Court of Appeals, Third Circuit.

Feb. 11, 1938.

Merritt Lane, of Newark, N. J. (Wm. M. Chadbourne, Clinton DeWitt Van Siclen, and John Holbrook, all of New York City, of counsel), for appellant.

J. Fisher Anderson, of Jersey City, N. J., (Thomas G. Haight, Albert C. Wall, and J. Fisher Anderson, all of Jersey City, N. J., of counsel), for appellees.

Before DAVIS and THOMPSON, Circuit Judges, and DICKINSON, District Judge.

DICKINSON, District Judge.

The fact situation presented by this appeal is that a conspiracy was formed through a control of the affairs of Oil Shares, Incorporated, the complainant and appellant, to loot the company to the benefit of the conspirators. The first objective of the conspiracy was to put the conspirators in control of the corporation. This was effected by the simple and familiar plan of subscribing to a controlling interest in the stock of the company having the old board of directors resign one by one, electing a new board made up of the conspirators. Being thus in control, the looting was easy.

We have said this plan is a familiar one. Indeed it is the plan usually, and it may be said to be always, followed, when the stock control of a corporation passes from one hand to another. When a real genuine change of stock control takes place, there is usually no element of fraud in following this plan. The resignation of the old board and substitution of the new is merely an anticipation of what the stockholders will do at the first next election. The individual members of the old board are not before us and we have no thought of criticising them unheard, but no one more than they now realize the serious mistake they made. Reference to the date of this transaction would in itself soften criticism of what any board of directors did whose corporation was in dire need of funds to be supplied by fresh capital. Over eagerness to get the money would blind them to the need of looking closely into the source of its supply. None the less any board which did what this board did would be taking upon itself a grave responsibility. The assets of their corporation belonged to the then stockholders. What the board did was to turn over these assets to the control of a new board without asking for the sanction of the stockholders to whom the assets belonged. Nothing would excuse them for taking this responsibility upon themselves except to have what was done turn out well. If it turned out otherwise, as here, they could not escape deserved criticism. Good intentions would not avail them as a defense. Indeed, this very proceeding is in the nature of an alibi for the old board, by offering as their excuse for the grave error

they committed that they were misled by what was done by the trust company defendant. The old stockholders of the Oil Shares Company, having lost their property, are seeking through this bill the remedy and relief they need. What is the bill? It is in effect that the trust company became a party to a conspiracy to obtain control of the assets of Oil Shares for the purpose of looting them, as was done.

The prayer of the bill is in effect that the defendants as such conspirators be held to have been trustees ex maleficio of the assets, and answerable therefor to the plaintiff. It must be admitted that if the trust company was a party to the conspiracy charged, it would be answerable to the plaintiff. The District Court found, however, that although the conspiracy existed, that the trust company was not a party to it, and hence not answerable for the acts of the conspirators.

It is unnecessary to support by citation of authorities the well-known proposition that in such a case as is presented by this record, an appellate court would not be justified in disturbing the fact findings of the trial court.

We are not called upon to make a finding of our own; but if we were, an insurmountable obstacle to a finding against the trust company would be the absence of any motive to join the conspiracy charged.

Almost all the oral and the greater part of the printed argument addressed to us is devoted to this fact finding which we are not at liberty to disturb. It only remains to advert to the formal error charged that the trial court made no separate findings of fact and made no statement of conclusions of law.

Equity Rule 70½, 28 U.S.C.A. following section 723, has settled the question of the duty of the court. The real question is whether there has been a compliance with the rule. A very helpful division of facts, as often noted, is that of evidentiary and ultimate facts. In a vigorously fought case there may be, and we are speaking from actual trial experience, but one controlling ultimate fact to be found, and yet counsel may submit hundreds of evidentiary fact findings. Is the trial court expected to make findings of all these evidentiary facts? The instant case is a good illustration. The ultimate fact finding is the participation of the appellee in the proven conspiracy. The trial judge made the very clear finding that it was not a party to it. The conclusion of law is likewise clearly stated by the trial court. In truth it would state itself. We hold there has been a compliance with Equity Rule 70½, 28 U.S.C.A. following section 723. Incidentally we would look for a welcoming by counsel of the refreshing experience of having the trial judge dispose of a trial case with the promptness of a jury verdict. Under the American system of administering legal justice, there is little danger of cases being disposed of with overgreat dispatch.

Without discussion of all of them in detail the assignments of error are all overruled, and the decree of the District Court affirmed, with costs.